PER CURIAM.
This is an appeal and cross-appeal from a final workers’ compensation order directing the appellanVcross-appellee, Special Disability Trust Fund, to reimburse appel-lees/cross-appellants, Lil’ Champ Food Stores, Inc. and Commercial Risk Management, respectively the employer and carrier (E/C), for indemnity benefits paid by the latter to its employee, Patricia Chavis, as a result of a compensable accident. We address only the second of several issues raised in the primary appeal, contending that the judge of compensation claims (JCC) erred in finding that the E/C proved it had the requisite knowledge that Chavis suffered from a preexisting permanent psychiatric impairment. We reverse, thereby mooting consideration of the remaining issues.
Section 440.49(2)©, Florida Statutes (1985), bars an employer from Fund reimbursement unless it is shown the employer knew of the employee’s preexisting impairment, that it was permanent, and that it would likely be an obstacle to employment. In approving the E/C’s claim for remuneration, the JCC relied on the testimony of Harry Bollinger, Lil’ Champ’s Director of Personnel, who hired Chavis in 1986 and observed her during her employment. On her employment application, where she was asked whether she had various conditions, Chavis checked “yes” for “nervousness,” and where she was asked to write details of the condition, she answered, “nervous stomach.” Bollinger also testified that when he asked the employee’s husband about his wife’s nervousness, the husband had told him his wife had “a nervous stomach” and “didn’t handle stress well.” Bollinger further commented that Chavis was good in dealing with people, but that
[s]he seemed high-strung at times to me, a little jumpy or whatever. Having gone through some courses, I just classified her as a type A personality and figured that was it, but she seemed a little nervous at times. She didn’t handle stress well. That would be, I guess, the only thing I noticed about it.
Although Bollinger believed that Chavis could not qualify as a supervisor, due to her difficulty in handling stress, he nevertheless hired her as a training manager, and promoted her twice during her initial year of employment.
In our judgment, the above evidence cannot support a finding that the employer knew or even suspected that its employee had a preexisting permanent psychological condition. Indeed, the facts relating to the employer’s knowledge are quite like those in Special Disability Trust Fund v. Jack Eckerd Corp., 627 So.2d 1277 (Fla. 1st DCA 1993), wherein an award of reimbursement was similarly reversed. There the court made the following pertinent observations:
In the instant case, the employer was not aware of any diagnosed psychiatric condition, but only knew that Roller [the employee] was having emotional episodes at work apparently related to stress at home. The e/c argue that these episodes were the outward manifestation of Roller’s underlying problem, so that knowledge of the episodes should be sufficient even if the employer was unaware of the specific underlying condition.... In the instant case ... the employer was not aware that any psychological component, known or unknown, was responsible for Roller’s emotional episodes. Quite to the contrary, the employer’s own inquiry suggested that Roller’s episodes were caused by problems at home. This, *184 combined with Roller’s “outstanding” performance prior to the onset of the absenteeism and outbursts, further suggests that no permanent preexisting condition was involved.
Id. at 1278-79. Similarly, the employer herein was not aware that any psychiatric condition was responsible for Chavis’s nervous stomach or inability to handle stress.
As in Jack Eckerd, the evidence before us is insufficient to show that the E/C had the required statutory knowledge of its employee possessing any permanent preexisting psychiatric condition which would permit Fund reimbursement.
REVERSED.
ERVIN and WEBSTER, JJ., and SMITH, LARRY G„ Senior Judge, CONCUR.